# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JENNIFER EVAUGHN GARDNER,** | : | CIVIL ACTION NO. 1:18-CV-2303 |
| Plaintiff | : | |
| v. | : | (Chief Judge Conner) |
| **ANDREW M. SAUL,**[1] | : | |
| **Commissioner of Social Security,** | : | |
| Defendant | : | |

## ORDER

AND NOW, this 23rd day of October, 2019, upon consideration of plaintiff's appeal (Doc. 1) from the adverse decision of the Commissioner of Social Security ("Commissioner"), wherein plaintiff raises two issues—that the administrative law judge ("ALJ") improperly rejected all medical opinions of record, and that the ALJ was not properly appointed under the Constitution—in seeking remand for a new hearing before a different ALJ, (Doc. 9 at 15-21), and further upon consideration of the Commissioner's motion (Doc. 16) to stay, opposed by the plaintiff, (Doc. 18), wherein the Commissioner asks the court to stay proceedings in this case pending the outcome of the appeals from this court's decisions in Bizarre v. Berryhill, 364 F. Supp. 3d 418 (M.D. Pa. 2019) (Conner, C.J.), and Cirko v. Berryhill, No. 1:17-CV-680, 2019 WL 1014195 (M.D. Pa. Mar. 4, 2019) (Conner, C.J.), each of which concerned an Appointments-Clause claim similar to plaintiff's claim *sub judice*, and the court

---

[1] Andrew M. Saul was sworn in as Commissioner of Social Security on June 17, 2019, and is automatically substituted as the defendant in this action. See FED. R. CIV. P. 25(d).

observing the United States Supreme Court's recognition that "[i]n the exercise of its sound discretion, a court may hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues," Bechtel Corp. v. Local 215, Laborers' Int'l Union of N.A., AFL-CIO, 544 F.2d 1207, 1215 (3d Cir. 1976) (quoting Am. Life Ins. Co. v. Stewart, 300 U.S. 203, 215 (1937)), but that "[o]nly in rare circumstances will a litigant in one case be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both," Landis v. N. Am. Co., 299 U.S. 248, 255 (1936), and further observing that a party seeking such a stay "must make out a clear case of hardship or inequity in being required to go forward," id., and the court determining that the Commissioner has not satisfied this burden, and finding specifically (1) that any stay in this case is likely to last several months, in that oral argument in Bizarre and Cirko has been calendared for November 13, 2019, and that the Third Circuit's Internal Operating procedures contemplate a period of at least 60 days following assignment (or the close of supplemental briefing) to circulate a draft opinion, see 3D CIR. I.O.P. 5.5.3 (2015); (2) that the Commissioner's claimed inconvenience from being required to proceed in this case does not qualify as a "clear case of hardship," particularly given that the appeal is fully briefed and merely awaiting a report from the assigned magistrate judge; and (3) that, assuming some inconvenience to the Commissioner *arguendo*, that inconvenience is far outweighed by plaintiff's interest in not further delaying her pursuit of disability insurance benefits, a process she began more than three years ago, and the court thus concluding that a stay of the above captioned

action is neither warranted nor appropriate, it is hereby ORDERED that the Commissioner's motion (Doc. 16) to stay is DENIED.

 /S/ C<span style="font-variant:small-caps">hristopher</span> C. C<span style="font-variant:small-caps">onner</span>
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania